547 A.2d. 668

Nathan BERGSTEIN

v.

STATE of Maryland.

Misc. No. 51, Sept. Term, 1988.

Court of Special Appeals of Maryland.

Sept. 29, 1988.

Brian E. Barkley, Rockville, for applicant.

J. Joseph Curran, Jr., Atty. Gen., with whom was Andrew L. Sonner, State's Atty. for Montgomery County, for respondent.

Submitted before MOYLAN, WILNER and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

Aggrieved by an Order of the Circuit Court for Montgomery County revoking his conditional release from commitment to the Department of Health and Mental Hygiene, Nathan Bergstein, applicant, has applied for leave to appeal pursuant to Md. Health–General Code Ann. § 12–120(k)(2). The sole issue presented by his application is whether the circuit court's assignment to applicant of the burden of proving his continued eligibility for conditional release violated the prohibition against ex post facto laws.[1] We shall grant the application.

On November 30, 1983, applicant was charged with armed robbery and related offenses. His plea to the charges was "not guilty by reason of insanity," which the State confessed on July 24, 1984. After an initial commitment to the Department of Health and Mental Hygiene, applicant was subsequently granted a conditional release from commitment.

Alleging that the applicant had violated a condition of his release, the State, on September 30, 1987, filed a petition to revoke the conditional release. Following a hearing, a

---

1. The prohibition is constitutional. See Constitution of the United States, Art. I, § 10, cl. 1; Maryland Declaration of Rights, Art. 17.

Department Hearing Examiner filed a fourteen-page Report, which, in pertinent part, made the following findings:

Nathan Bergstein was originally found not guilty by reason of insanity on July 30, 1984. However, since the crimes for which he was found not guilty by reason of insanity took place prior to July 1, 1984, this Hearing Examiner applied the directives contained in *Anderson v. Department of Health and Mental Hygiene*, 310 Md. 217, 528 A.2d 904 (1987) (notwithstanding the "Anderson" case did not involve the revocation of a conditional release) in making the findings which are hereinafter set forth.

Health–General 12–115, Annotated Code of Maryland (1982 Volume) [2] revocation and other changes in conditional release, sets the standards and burden of proof for revocation, and provides in part:

"(a) Violations.—(1) If a report is made to the court alleging that an individual has violated a release condition, the court may order attachment of the individual and shall hold a hearing.

(2) If, after the hearing, the court finds that the violation occurred, the court may change the conditions of release. However, the court may revoke the release order and commit the individual to the Department for institutional, inpatient care or treatment only if the court also finds, on clear and convincing evidence, that the individual:

---

2. Pursuant to Ch. 501, Acts 1984, this section was replaced by Md. Health General Code Ann. § 12–120. Subsection (g)(3) of this section addresses the burden of proof at a hearing to revoke or modify a conditional release. It provides:

(3) The hearing office shall find:
(i) whether by a preponderance of the evidence the committed individual violated conditional releases; and
(ii) whether by a preponderance of the evidence, the committed individual nevertheless has proved eligibility for conditional release.

Section 12–115 placed the burden on the State to prove, by clear and convincing evidence, both the fact of violation of a condition of release and ineligibility of the applicant for release.

(i) Is mentally retarded or has a mental disorder; and

(ii) Because of mental retardation or a mental disorder, would be a danger to the individual or the person or property of another, if not confined...."

Upon a review of the testimony presented at the hearing and exhibits filed herein, I find the following:

(1) That the State has proven, by clear and convincing evidence, that Nathan Bergstein violated the ... conditions of his release, and the Order of this Honorable Court dated February 13, 1985,

\* \* \* \* \* \*

in that the defendant became in need of hospitalization and failed to have himself voluntarily admitted to the hospital.

2. I further find that Nathan Bergstein is suffering from a mental disorder, Bipolar Disorder, Manic Type, which is in a high, or substantial degree of remission, and that the State has failed to prove, by clear and convincing evidence, that Nathan Bergstein, because of a mental disorder, would be a danger to the individual or the person or property of another, if not confined....

The Department excepted to the Examiner's Report. The court sustained the exceptions, ruling, in its Memorandum Opinion and Order, that:

Defendant claims it is the burden of the State to prove that he would be a danger to himself or others if not confined. This is the standard relied on by the Hearing Examiner. The Court, instead, believes that the standard to be considered is that set forth in Section 12–120(g)(3), Health–General, Code, namely, that the State prove that Defendant violated conditional release, and that Defendant prove, nevertheless, his eligibility for conditional release. The Court finds that the latter burden has not been met.

Accordingly, it is the opinion of the Court that there has not been demonstrated a basis for its determination that

the release of Defendant conditionally would not constitute a danger to himself or the public.

It ordered applicant's conditional release revoked and applicant returned to the supervision of the Department for further treatment.

In his application for leave to appeal from that judgment, applicant argues:

Judge Sanders was apprised by counsel for the Defendant as well as by counsel for the Department that the Court of Appeals of Maryland had held in *Anderson vs. Department of Mental Health and Hygiene*, 528 A.2d 904, 310 Md. 217 (1987), that the ex post facto prohibition was applicable to a change in the law shifting the burden of proof at administrative release hearings from the State to the insanity acquitee seeking release. Judge Sanders did not mention *Anderson* in his decision and did not in any way distinguish the case at bar from *Anderson*. Although *Anderson* involved an initial conditional release and this case involves a revocation of conditional release, this is a distinction without a difference for the purpose of applying the ex post facto prohibition. The Defendant in this case was placed on conditional release under the prior version of Section 12–120(g)(3), which placed the burden of proof on revocation of a conditional release on the State to both prove the violation and dangerousness. The same considerations applied by the Court of Appeals in *Anderson* should logically be extended to a case of revocation of conditional release. As the Court said in *Anderson* "a law passed after the commission of a criminal act, affecting substantial rights and changing the consequences of having committed the criminal act in a way that is disadvantageous to the Defendant, falls within the ex post facto prohibition".

The specific issue before the Court of Appeals in *Anderson* was whether the application to Anderson of a burden of proof provision enacted subsequent to his criminal activity violates the prohibition against ex post facto

laws. 310 Md. at 220, 223, 528 A.2d 904. The Court answered that question in the affirmative, thus rejecting the State's contention that the ex post facto prohibition does not apply to a confinement in a mental hospital since such confinement does not constitute "punishment". 310 Md. at 223, 528 A.2d 904. Specifically, the Court noted that:

> While the ex post facto prohibition relates only to criminal offenses, the Supreme Court has enunicated the principle that the prohibition extends broadly to "any law passed after the commission of an offense which ... 'in relation to that offense, *or its consequences,* alters the situation of a party to his disadvantage....'" *Kring v. Missouri,* 107 U.S. 221, 235, 2 S.Ct. 443, 455, 27 L.Ed. 506 (1883), quoting Justice Washington in *United States v. Hall,* 2 Wash. C.C. 366, 26 Fed.Cas. 84, 86 (Case No. 15,285) (1809) (emphasis added). The Supreme Court has also pointed to "the liberal construction which this Court ... [has given] to the words *ex post facto* law,—a construction in manifest accord with the purpose of the constitutional convention to protect the individual rights of life and liberty against hostile retrospective legislation." *Kring v. Missouri, supra,* 107 U.S. at 229, 2 S.Ct. at 450.

310 Md. at 224, 528 A.2d 904. Anderson's confinement in a mental institution, the Court said, was the direct consequence of adjudications at his criminal trial that he was guilty of committing a crime but insane at the time of the crime. *Id.,* citing *Langworthy v. State,* 284 Md. 588, 594, 597–98, 399 A.2d 578 (1979). It characterized Anderson's commitment to a mental institution as "the 'disposition' portion of the judgment in the criminal case, which is 'composed of a verdict that he committed the criminal act charged and the disposition of him, as a final judgment.'" 310 Md. at 224–25, 528 A.2d 904, quoting *Langworthy,* 284 Md. at 597, 397 A.2d 578.

The Court held:

As previously pointed out, the sole reason advanced by the State and the Court of Special Appeals for the inapplicability of the ex post facto prohibition and that Anderson's confinement at Clifton T. Perkins Hospital Center is not deemed "criminal" and is for the purpose of treatment and protection of society. Considering the nature of that confinement under Maryland law, and particularly the fact that it represents the disposition portion of an adverse judgment in a criminal case (*Langworthy v. State, supra*), we believe that the confinement does implicate the ex post facto prohibition. Because the change in the law concededly operates to Anderson's disadvantage, it may not be applied to him under the ex post facto clauses of the federal and State constitutions. Consequently the State shall have the burden of proof, by clear and convincing evidence, at Anderson's administrative release hearing.

310 Md. at 230, 528 A.2d 904. In so doing, it rejected the State's contentions that the label placed upon a particular proceeding, *i.e.* "civil" rather than "criminal" or "procedural" rather that "substantive", is dispositive of the reach of the ex post facto prohibition. 310 Md. at 225, 528 A.2d 904. Moreover, the Court pointed out that the concept of "punishment" for purposes of the application of the ex post facto prohibition is broader than a prison sentence or a fine. 310 Md. at 227, 528 A.2d 904.

Although *Anderson* involved an administrative release hearing, rather than a conditional release revocation hearing, its rationale applies equally well to the latter. Indeed, we can conceive no logical or principled basis upon which to distinguish the two situations. It follows that the court erred by applying the wrong burden of proof.

APPLICATION FOR LEAVE TO APPEAL GRANTED.

JUDGMENT VACATED. CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.